**UNION LABOR LIFE INSURANCE COMPANY, Appellant,**

v.

**Cletus F. RUDD, next friend of Cletus Glenn Rudd, Appellee.**

**No. 18195.**

Court of Civil Appeals of Texas, Dallas.

Nov. 1, 1973.

Jack Ayres, Jr., Atwell, Malouf & Bynum, Dallas, for appellant.

Bill W. Bailey, DeSoto, for appellee.

GUITTARD, Justice.

On this appeal we must construe the anti-duplication provision of a group hospitalization policy. The minor plaintiff, Cletus Glenn Rudd, who incurred the hospitalization expenses in question, was an insured "Person" under a group policy issued by Union Labor Life Insurance Company. He was also insured as a "Dependent" under a policy issued by Legal Security Life Insurance Company. The Legal Security policy had no anti-duplication provision,

but a rider attached to the Union policy provided as follows:

Effective March 1, 1970, benefits otherwise payable under the Group Policy for Allowable Expense incurred during a Claims Determination Period shall be reduced to the extent necessary so that the sum of such reduced benefits under all Plans shall not exceed the total of such Allowable Expenses.

Exception: Benefits shall be paid under the Group Policy without reduction with respect to expenses incurred on behalf of the following, as defined in the Group Policy: (a) a person covered as a Person under the Group Policy and as a Dependent under the other Plan; or (b) as a Dependent of a male Person under the Group Policy if insured as a Dependent of a female Person under the other Plan; or (c) as a Person under the Group Policy and the other Plan, if the Person has been insured longer under the Group Policy, *all provided that benefits are reduced under the other Plan by reason of an Anti-Duplication provision.* [Emphasis added.]·

According to the stipulated facts, the insured is within subdivision (a) of the "Exception," since he is a "Person" covered under the group policy in question and is covered only as a "Dependent" under the "other Plan." However, the benefits paid under the "other Plan" were not reduced because that policy contained no anti-duplication provision. Thus the insured is entitled to the benefits of the Union policy without reduction unless the italicized proviso applies. The insured contends that the rider is ambiguous and subject to the construction that the proviso qualifies only subdivision (c) of the "Exception." Union contends that it qualifies subdivisions (a) and (b) as well. The trial court rendered judgment for the insured.

We reverse that judgment because we conclude that the proviso is not ambiguous and that it applies to the entire exception rather than to subdivision (c) alone. This construction is in accordance with the evident intent of the rider considered as a whole. It is clearly intended to coordinate the benefits payable under the Union policy with those payable under other policies so as to avoid duplication. That intent would be defeated here if the proviso were construed as applying only to subdivision (c), because under that construction benefits would be payable without reduction under both policies. The word "all," which introduces the proviso, is aptly chosen to avoid that result by making the proviso apply to all the subdivisions of the "Exception." It would have no meaning at all if the proviso were construed as qualifying only subdivision (c).

The effect of the rider, as applied to the stipulated facts, is that when the covered expenses are also covered by other insurance, the benefits payable are reduced to the extent necessary to avoid duplication, except that no reduction will be made where the insured is a named "Person" under the policy in question and only a "Dependent" under the other policy, provided the other policy also contains a provision that would avoid duplication of benefits. Thus the insured is assured of payment under one policy or another of the full amount of covered expenses without duplication.

The judgment of the trial court is reversed and judgment is here rendered that the insured take nothing by this suit.